# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR. No. 07-124-03T |
| | : | |
| JASON M. TURCIOS | : | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, JASON M. TURCIOS, have reached the following agreement:

1.  Defendant's Obligations.

    a.  Defendant will plead guilty to Count I of the Indictment, which charges Defendant with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.

    b.  Defendant will plead guilty to Count XXI - XXIV of the Indictment, which charges Defendant with bank fraud, in violation of 18 U.S.C. § 1344.

    c.  Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

    (i) Defendant will meet with government representatives as often as necessary and provide complete and truthful information to them.

    (ii) Defendant will appear and testify completely and truthfully in any and all legal proceedings, including, but not

limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings.

(iii) Defendant understands that any and all statements, information, and testimony Defendant provides must at all times be complete and truthful.  If, at any time, Defendant wilfully provides any false statement, information, or testimony, Defendant shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

2.   Government's Obligations.  In exchange for Defendant's plea of guilty:

a.   The government agrees to recommend that the Court impose a term of imprisonment at the lowest point of the guideline range for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines.

b.   For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c.   As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of

guilty.  If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

        d.   The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

        e.   If the government, in its sole discretion, determines that Defendant has provided substantial assistance to the government in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines, asking the Court to impose a sentence below the guideline sentencing range.  Defendant understands that the decision whether to file such a motion is solely up to the United States Attorney's Office and the decision whether, and to what extent, to grant it is solely up to the Court.  The government has not made any promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

    3.   Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any

reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.   The United States and the defendant agree to recommend to the Court that the relevant conduct in this case is $85,429.52. That is, the parties agree that $85,429.52 is the amount of loss, including actual and intended amounts, attributable to the defendant as acts committed or counseled by him or as reasonably foreseeable acts of others in furtherance of the jointly undertaken criminal activity.

5.   The maximum statutory penalties for the offense to which the Defendant is pleading are as follows:

   a.   Count I:

      (i) 30 years imprisonment;

      (ii) a fine of $ 1,000,000;

      (iii) a term of supervised release not to exceed 5 years; and

      (iv) a mandatory special assessment of $100.

   b.   Count XXI - XXIV:

      (i) 30 years imprisonment;

      (ii) a fine of $ 1,000,000;

      (iii) a term of supervised release not to exceed 5 years; and

      (iv) a mandatory special assessment of $100.

   c.   Thus, if imposed consecutively, the maximum

4

penalties for all offenses to which Defendant is pleading guilty
are 150 imprisonment; a fine of $ 5,000,000; and, a term of
supervised release of 25 years.   The mandatory special assessment
totals $ 500.

      6.   Defendant agrees that, after Defendant and
Defendant's counsel sign this agreement, counsel will return it to
the United States Attorney's Office along with a money order or
certified check, payable to the Clerk, United States District
Court, in payment of the special assessments.   Failure to do so,
unless the Court has made a previous finding of indigence, will
relieve the government of its obligation to recommend a reduction
in the offense level under the guidelines for acceptance of
responsibility.

    7.   Defendant is advised and understands that:

        a.   The government has the right, in a prosecution for
perjury or making a false statement, to use against
Defendant any statement that Defendant gives under
oath;

        b.   Defendant has the right to plead not guilty, or
having already so pleaded, to persist in that plea;

        c.   Defendant has the right to a jury trial;

        d.   Defendant has the right to be represented by
counsel – and if necessary have the Court appoint
counsel – at trial and every other stage of the
proceeding;

5

e.   Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f.   Defendant waives these trial rights if the Court accepts a plea of guilty.

8.  Defendant is advised that the government has in its possession certain physical evidence.  Defendant understands that the government does not intend to conduct DNA testing of any of this evidence.  Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant.  Defendant further understands that, following this Court's entry of a judgment of conviction for the offense to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right.  Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty.  Defendant further understands

that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

9.   The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10.   Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11.   Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed.  The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations.  The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum.  Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12.   Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower.  This agreement does not affect

7

the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained

8

it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17.   Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____        _____
JASON M. TURCIOS                        Date   11/14/07
Defendant

_____        _____
ROBERT MANN                             Date   11/14/07
Counsel for Defendant

_____        _____
SANDRA R. BECKNER                       Date   11-15-07
Assistant U.S. Attorney

_____        _____
STEPHEN DAMBRUCH                        Date   11/15/07
Criminal Chief