UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 07-124-03 T |
| | : | |
| JASON TURCIOS | : | |

REDACTED COPY OF
DEFENDANT'S OBJECTION AND RESPONSE TO PRESENTENCE INVESTIGATION REPORT

The defendant, Jason Turcios, objects to the presentence report to the extent that it suggests he should be responsible for the full amount of the restitution, i.e. $69,678.23. Otherwise, he has no objections to the presentence report but makes the following specific responses to certain paragraphs. The defendant addresses first the restitution question.

## I. THE RESTITUTION QUESTION

Paragraphs 14 and 15 of the Presentence Report identify the loss suffered by Citizens Bank as $69,678.23. The defense notes that this restitution figure is independent of the figure used to determine relevant conduct. See paragraphs 5 and 22 of the Presentence Report.

The procedure for restitution matters is spelled out in 18 U.S.C. §3664. The statute gives the Court the authority to apportion liability among multiple defendants. The statute provides:

> (h) If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability

> among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. §3664(h).

There is no talismanic formula to fix what an appropriate amount is. Clearly the defendant in this case is neither the most nor the least culpable among the defendants in this case. The defendant also clearly has the ability to work and is in fact working. As set forth below in the employment section, the defendant now has a second job. The defendant's expenses are relatively low, attributable primarily to the fact that he lives with his parents.

18 U.S.C. §3664(h) specifically authorizes the Court to apportion liability based on the "level of contribution to the victim's loss" and the "economic circumstances of each defendant." There are seven defendants charged in this case. In this case, the defense submits that considering these factors, the appropriate restitution figure ought to be below the $69,678.23.

Based on the above, the defendant will ask the Court impose a restitution order in an amount less than the full figure of $69,678.23.

II. <u>OTHER RESPONSES, NOT RELATED TO RESTITUTION</u>

Paragraph 23 - The defense understands that Probation has concluded that the two points added in this paragraph do not apply and that Probation is going to make such a correction in the Presentence Report. Accordingly, there is no need to reply to this paragraph.

Paragraphs 35, 36, and 37 - These paragraphs all report pending Rhode Island criminal charges and that the facts of these cases mirror the instant federal case. The defendant notes the Court public web page reflects that the charges in paragraph 35 were dismissed and that as to the charges in Paragraphs 36 and 37, no information was signed.

Paragraph 50 - This paragraph covers the defendant's current employment. It states the defendant is working at Rent a Center in Franklin, Massachusetts, making $16.00 per hour. The defendant reports he is actually making $15.00 per hour. The defendant also now has a second job at Cristo's Pizza on Providence Street, West Warwick, Rhode Island. In that job he delivers pizza and takes home about $125.00 per week, including tips.

Paragraph 60 - This paragraph reports the defendant owes the IRS $1710.44. The defendant reports that the IRS has seized $1,158 and he now owes the IRS $637.94. The defendant would also note that his monthly expenses are a little higher than estimated on his previous report, which did not include a figure for his phone or food.

Paragraph 69 – The defendant would note that the special assessment has been paid.

The defendant reserves the right to file a motion seeking a sentence outside of the guideline range and expects to file such a motion. The thrust of the motion will be to urge the Court to allow the defendant to avoid any interruption of his current work by

imposing a nominal period (1 day) of incarceration, followed by a period of supervised release of sufficient duration to allow the defendant to satisfy his restitution obligation.

JASON TURCIOS
By his Attorney,

/s/ Robert B. Mann
ROBERT B. Mann
RI Bar No. 0153
Mann & Mitchell
One Turks Head Place, Ste. 610
Providence, R.I. 02903
Tele: (401) 351-5770
FAX: (401) 521-4305
rmann@conversent.net

**CERTIFICATION**

I hereby certify that on this 6th day of March, 2008, I did send a true copy of the within document by electronic means to:

Sandra Beckner, AUSA

/s/ Robert B. Mann
ROBERT B. Mann
RI Bar No. 0153
Mann & Mitchell
One Turks Head Place, Ste. 610
Providence, R.I. 02903
Tele: (401) 351-5770
FAX: (401) 521-4305
rmann@conversent.net