UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 07-124-03 T |
| | : | |
| JASON TURCIOS | : | |

MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

Now comes the defendant and moves for a sentence outside of the applicable guideline range. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe that this post-plea motion is governed by 18 U.S.C. §3161(h).

JASON TURCIOS
By his Attorney,

/s/ Robert B. Mann
ROBERT B. Mann
RI Bar No. 0153
Mann & Mitchell
One Turks Head Place, Ste. 610
Providence, R.I. 02903
Tele: (401) 351-5770
FAX: (401) 521-4305
rmann@conversent.net

**CERTIFICATION**

I hereby certify that on this 14th day of March, 2008, I did send a true copy of the within document by electronic means to:

Sandra Beckner, AUSA

/s/ Robert B. Mann
ROBERT B. Mann
RI Bar No. 0153
Mann & Mitchell
One Turks Head Place, Ste. 610
Providence, R.I. 02903
Tele: (401) 351-5770
FAX: (401) 521-4305
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 07-124-03 T |
| | : | |
| JASON TURCIOS | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

## I. INTRODUCTION

This memorandum is presented in support of the defendant's arguments as to sentencing in this matter. There is no dispute that the guideline range is 12 to 18 months.[1] The defendant argues that notwithstanding the guideline range, an appropriate sentence in this case is one day of incarceration, with supervised release for five years.

The heart of the defendant's motion is tied to two principles:

1) This is a non-violent offense and the defendant is in criminal history category 1;

2) The defendant is working and has the capacity to make significant payments toward restitution.

## II. THE ISSUE OF RESTITUTION AND THE RELATED QUESTION OF THE APPROPRIATE SENTENCE

The amount of restitution due is $69,678.23. As the defense argued in the response to the presentence report, this Court has the authority to apportion liability among multiple defendants. The law provides that:

[1] This figure is based on the revised Presentence Report.

> (h) If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. §3664(h).

The defense asks this Court to impose a restitution order in the amount of $34,840.00, representing essentially half the total amount due. The selection of this figure is admittedly somewhat arbitrary. There are seven defendants in this case. As the defendant suggested in the response to the presentence report, he is neither the most nor the least culpable among the defendants. The defense has deliberately selected a figure that would appear to represent more than a fair share.

There is a second basis for selecting the figure of $34,840.00. So often in financial crimes, a restitution figure is set that is simply not capable of being satisfied by the defendant. In the typical scenario there is a loss and restitution of the full amount of that loss presents a task that is too daunting to be realistic for a defendant. In this case, the figure of $34,840.00 is a realistic figure for this defendant to satisfy over a period of five years of supervised release. Spread out over the period of five years, it would require the defendant to make monthly payments of about $581.00 per month.

The defendant has attached hereto as Attachment 1 a page showing his most recent pay stubs from the two jobs he holds.[2] The defendant's primary job is working at Rent-A-Center. In the week in question, he took home about $566.00. The defendant's second job is working at Christos, a pizza establishment. The pay stub for that week indicates the defendant only worked five hours. Most weeks he is able to work 10 hours.

[2] The defense has redacted the defendant's social security numbers and certain other bank type numbers. The defense has the unredacted copies of the stubs and the defense is prepared to provide them to the Court and Government upon request.

In addition, the pay stub does not reflect tips the defendant receives. Based on these factors, the defendant was able to estimate a weekly take home of about $125.00 per week from the job delivering pizzas.

The defendant is living with his parents. Given this factor and the money the defendant earns from working two jobs, ordering him to make monthly restitution in the amount of $581.00 per month is realistic.[3] The end result of such an order would be that this defendant could make payments equal to half the loss suffered from these crimes during a five year period of supervised release.

Imposing an obligation to make monthly payments of $581.00 for five years would serve a number of salutary goals. The most important function would be to address the financial loss in this case. It would also serve as a daily reminder to this defendant of the cost of crime. The defendant in this case is a young man who has a demonstrated capacity to be an economically productive member of society. A sentence that required him to make restitution payments totaling $34,840.00 would satisfy the many factors outlined in 18 U.S.C. §3553(a).

The sentence would serve as serious punishment. The defendant would be on supervised release for five years. During that time, a significant portion of his disposable income would go towards restitution, rather than his own comforts. It would serve as a deterrent to criminal conduct in the most classic sense. It would prove the adage that crime does not pay. It would adequately protect the public. The defendant would be

[3] The defense recognizes that the figure of $581.00 per month is more than the figure reflected in the presentence report at paragraph 60. Those figures were based on the defendant's job at the time the defendant's financial statements were prepared. He has since obtained a better job and is also working a second job.

under the watchful eye of probation for a long period of time. The supervision of a probation officer would also provide the defendant with the guidance he needs.

In this regard, the defense acknowledges that the defendant has made mistakes while on pretrial release. Part of the challenge the defendant will face with five years of supervised release is the need to comply with the terms of such supervision.

There are two additional points the defense makes with respect to its proposed disposition. The first concerns the amount of the monthly restitution payment. The defendant has proposed monthly payments in the amount of $581.00 per month, in the belief that this figure should be well within the capacity of the defendant in light of his employment. Indeed, a slightly higher figure would be possible, but the defense has tried to pick a figure which is realistic rather than overly optimistic.

If this Court feels additional punishment is required, the defense would suggest the imposition of a period of home detention as a condition of supervised release pursuant to U.S.S.G. 5F1.2.

## III. THE APPLICABLE LAW

A trilogy of cases decided last year further redefined the law of sentencing. Rita v. United States, 127 S. Ct. 2456 (2007); Kimbrough v. United States, 128 S. Ct. 558 (2007); Gall v. United States, 128 S. Ct. 586 (2007). In Kimbrough, the opinion starts with the following language:

> This Court's remedial opinion in United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), instructed district courts to read the United States Sentencing Guidelines as "effectively advisory," id., at 245, 125 S. Ct. 738, 160 L. Ed. 2d 621. In accord with 18 U.S.C. § 3553(a), the Guidelines, formerly

> mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence.

Kimbrough v. United States, 128 S. Ct. at 564. See also United States v. Gall, 128 S. Ct. at 602.

In Gall, the sentencing range was 30 to 37 months, but the Court sentenced the defendant to 36 months probation. The Court noted that probation subjects a person, "… to several standard conditions that substantially restrict their liberty." Gall, 128 S. Ct. at 595. See generally the discussion therein. Gall, 128 S. Ct. a 595-596 & n.4. The defense submits that supervised release imposes the same functional restrictions on a defendant as probation.

The defense recognizes that Gall and the instant case are not the same. Gall involved ecstasy of an amount equivalent to at least 87.5 kilograms of marijuana resulting in a guideline range of 30 to 37 months, while this case involves fraud and a guideline range of 12 to 18 months. On the other hand, in Gall the post offense conduct of the defendant was exemplary, while in this case the defendant has unfortunately had some missteps during the period of his pretrial release.

The point the defense seeks to make is that sentencing is once again an individualized process in which this Court considers the guidelines as one factor in assessing a sentence pursuant to 18 U.S.C. §3553(a). Though the guidelines in this case call for a sentence of 12 to 18 months, the defense submits that in fact many persons charged with similar kinds of offenses do not receive sentences of confinement. Attached hereto as Attachment 2 is Table 18 from the U.S. Sentencing Commission Preliminary Quarterly Data Report for the Fourth Quarter for the fiscal year 2007 through September 30, 2007. (http://www.ussc.gov/sc_cases/Quarter_Report_4th_07.pdf) The defense has

highlighted four rows of data. (The defense has also included the cover page of the report.) The defense specifically draws the Court's attention to four rows of data for the offenses of larceny, fraud, embezzlement, and forgery/counterfeiting. For those four categories of offenses, between 16.5 and 40.7 per cent of all offenders received a sentence of only probation. These figures do not include the cases in which a defendant received a nominal sentence such as one day of confinement, and a period of supervised release. The purpose of this presentation is to show the Court that a significant percentage of offenders charged with similar kinds of offenses, receive sentences that do not include incarceration. Moreover, these figures also likely include many of the significant, traditional white collar prosecutions of high level individuals, very different from this defendant.

The defense further notes that this data does not include data showing the effect of either the Kimbrough or Gall decisions. The defense submits as attachment 3, the cover page and Table 1-1 of the United Sentencing Commission Preliminary Post-Kimbrough/Gall Data Report. (http://www.ussc.gov/USSC_Kimbrough_Gall_Report_February_08.pdf ) The attached table compares dispositions in the Court of Appeals for the First Circuit pre and post Kimbrough/Gall. The figures show a lower percentage of cases sentenced within the guideline range (67.0 versus 56.6) and higher percentages of cases with sentences below the guideline range. For non-government sponsored requests, the percentage of cases below the guideline range went from 16.8 to 22.1

## IV. CONCLUSION

The defendant in this case is a young man, not a sophisticated professional engaged in large scale white collar defalcation. The defense proposes he be sentenced to one day of incarceration and a five year period of supervised release, with an order of restitution in the amount of $34,840.00. The defense submits that such a sentence would comport with 18 U.S.C. §3553(a) and be a sentence, "sufficient, but not greater than necessary, to comply with the purposes…" of the statute.

JASON TURCIOS
By his Attorney,

/s/ Robert B. Mann
ROBERT B. Mann
RI Bar No. 0153
Mann & Mitchell
One Turks Head Place, Ste. 610
Providence, R.I. 02903
Tele: (401) 351-5770
FAX: (401) 521-4305
rmann@conversent.net

**CERTIFICATION**

I hereby certify that on this 14th day of March, 2008, I did send a true copy of the within document by electronic means to:

Sandra Beckner, AUSA

/s/ Robert B. Mann
ROBERT B. Mann
RI Bar No. 0153
Mann & Mitchell
One Turks Head Place, Ste. 610
Providence, R.I. 02903
Tele: (401) 351-5770
FAX: (401) 521-4305
rmann@conversent.net